UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

William A. Ambros,                                            Case No.  8:12-bk-00051-MGW
                                                              Chapter 7

Debtor.
_____/

GRACE COMMUNITY CHURCH OF
BRANDON, INC.,

Plaintiff,

vs.                                                           Adv.Pro.No. 8:12-ap-00685-MGW

WILLIAM A. AMBROS,

Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on September 30, 2013 for a final hearing on an

Adversary Complaint filed by creditor Grace Community Church of Brandon, Inc. ("Grace")

under Section 727(a)(4) of the Bankruptcy Code.  For the reasons stated in open court, which

shall constitute the Court's Memorandum Opinion, the Court finds in favor of Grace on its

Complaint seeking to deny the Debtor's discharge in this bankruptcy case.  The Court's findings

appear in the final hearing transcript attached hereto.  The Court shall enter a final judgment in

2365937 v2

favor of Grace consistent with this Memorandum Opinion.

DONE AND ORDERED at Tampa, Florida on __November 1, 2013__ .

*MGWilliamson*
_____
**MICHAEL G. WILLIAMSON**
**United States Bankruptcy Judge**

Attorney Amy B. Baruch, Esquire, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of the order.

Copies furnished to:
Amy B. Baruch, Esq., 201 N. Franklin St., Ste. 3200, Tampa, FL 33602;
Trustee, Richard M. Dauval, P.O. Box 13607, St. Petersburg, FL 33733-3607;
Debtor, William A. Ambros, P.O. Box 188, Sydney, FL, 33587.

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: :
:
WILLIAM A. AMBROS : Case No. 8:12-bk-00051-MGW
:
      Debtor : Chapter 7
:
- - - - - - - - - - - - - - x
GRACE COMMUNITY CHURCH : Adv. No. 8:12-bk-00685-MGW
OF BRANDON, INC. :
:
      Plaintiff :
v. :
WILLIAM A. AMBROS :
:
      Defendant :
:
- - - - - - - - - - - - - - x


U.S. Courthouse
801 North Florida Avenue
Tampa, Florida 33602
Held September 30, 2013


TRANSCRIPT OF HEARING
*[Excerpt - Court's Ruling on Trial]*

1-Trial on Amended Complaint; 2-Motion in Limine, filed
by Christopher A. Tancredo on behalf of Defendant
William A. Ambros (Doc. #33)


BEFORE THE HONORABLE MICHAEL G. WILLIAMSON
UNITED STATES BANKRUPTCY JUDGE


PROCEEDINGS DIGITALLY RECORDED BY COURT PERSONNEL
TRANSCRIPT PRODUCED BY COURT-APPROVED TRANSCRIPTION SERVICE

**JOHNSON TRANSCRIPTION SERVICE**
7702 Lake Cypress Drive
Odessa, Florida 33556
(813) 920-1466

APPEARANCES:

For Plaintiff, Grace                AMY C. BARUCH, Esquire
Community Church                    WILLIAM J. SCHIFINO, Esquire
of Brandon, Inc.                    Burr & Forman LLP
                                    201 N. Franklin Street
                                    Suite 3200
                                    Tampa, Florida 33602
                                    813-221-2626
                                    abaruch@burr.com
                                    wjschifino@burr.com

[Excerpt - Court's Ruling on Trial]                                  3

```
 1              Tampa, Florida, September 30, 2013

 2          (Entire Proceedings commenced at 9:32 a.m.)

 3                      *  *  *  *  *

 4          (Excerpt commenced at 10:25 a.m.)

 5          THE COURT:  Okay, thank you.  Okay, very well, the

 6   Court has before it a trial on a complaint that was filed in

 7   this case under Section 727(a)(4), which deals with false

 8   oaths both on his schedules and at testimony at the 341

 9   meeting and the 2004 exam.

10          727(a)(4) does not require that the statements be

11   made in any particular context, only that they be made in

12   connection with the case, and obviously statements in

13   schedules and statements at 2004 exams and 341 meetings are

14   all in connection with the case.

15          By way of factual background, Grace Community Church

16   is a small church located in Brandon, Florida.  It operates a

17   school on the property.  One day at an athletic event, there

18   was an incident which appears to have been instigated by the

19   Debtor and his mother in trying to repossess a car of his ex-

20   wife during a kids softball game.

21          There was an altercation.  Charges were -- the

22   Debtor was arrested, charges were filed, and for some reason

23   they weren't really fully prosecuted.

24          Be that as it may, the Debtor, after that incident,

25   alleged that the prosecution and the accusations damaged
```

1   him and so he filed a lawsuit which was determined to be

2   frivolous.   And under state law, under Section 57.05 -- I

3   think that's still the law -- the prevailing party's entitled

4   to attorneys' fees if there's no justiciable cause of action,

5   which is apparently what happened.   Judge Silver thereupon

6   entered a substantial money judgment in favor of the church

7   for its attorneys' fees.

8           The Debtor was not forthcoming during the process

9   of discovery in aid of execution with the result that Judge

10   Silver had to take the extraordinary contempt to -- of

11   entering an order to show cause requiring the Debtor to

12   appear in his courtroom to show cause why he should not be

13   held in contempt for failure to comply with discovery orders.

14           The day before that hearing, the Debtor filed a

15   Chapter 7 in this case.   The church contends that his

16   schedules materially omit various sources of income as well

17   as testimony that he made at the 341 meeting in 2004.

18           The case law on 727(a)(4) is consistent with what

19   the Plaintiff has argued here.   The primary purpose of a

20   bankruptcy is to provide an honest debtor with a fresh start

21   to relieve the burden of indebtedness.

22           In order for a false oath to preclude discharge, it

23   must be fraudulent and material.   A false oath is material

24   where it bears a reasonable relationship to the Debtor's

25   business transactions or estates or concerns the discovery of

1  assets, business dealings, or the existence and disposition of

2  property.

3          The objecting party must establish the necessary

4  intent to show the Debtor made the false oaths knowingly and

5  fraudulently.  Inadvertent inaccuracies don't rise to that

6  level.

7          In this case, I suppose what's most troubling is

8  the existence of a storage unit and the history of PayPal

9  purchases of sports memorabilia.  There was no disclosure of

10  the storage unit in his 2004.  In fact, it was an outright

11  denial that it existed, which was contrary to the documented

12  evidence as received here in court today.

13          There's also no disclosure of the substantial sports

14  memorabilia, nor of any disposition of that memorabilia, which

15  leads the Court to conclude that the storage unit is being

16  used to store substantial assets, all of which he denied

17  owning, instead taking the contrary position that everything

18  he owned was sitting in his car.  The Court considers that to

19  be material.

20          In addition, based on a review of bank records going

21  back for several years, it appears that the Debtor is able to

22  sustain a lifestyle which requires more cash than the Debtor

23  has coming in from his social security benefits.  Therefore,

24  there must be other sources of income, whether they be gifts

25  or loans from other sources or sales of personal property to

[Excerpt - Court's Ruling on Trial]                                    6

1   sustain his lifetime.

2          There's no disclosure of that other income.  Rather,

3   the Debtor's sworn testimony is that the only income he's

4   had for a number of years, going back to 2005, is his social

5   security income.  That is also a material misstatement of

6   fact.

7          All of that taken together supports the creditor's

8   case with objective evidence, evidence derived from third

9   party sources that all have been authenticated and properly

10  admitted into evidence under 803(6), which is the business

11  records exception to the hearsay rule.

12         Based on that, the Court will find that the Debtor's

13  discharge should be denied under 727(a)(4) of the bankruptcy

14  code.  I'll enter a judgment for the reasons stated orally in

15  open court.

16         And this trial wasn't very long, so I don't think

17  it'll be very expensive.  If you could get a transcript of my

18  ruling from the bench and attach the portion of it.  You just

19  need to order the last part of the trial.

20         MS. BARUCH:  Yes, Your Honor.

21         THE COURT:  And also, if you could do an order on

22  the motion to continue.  Now, on that one, I want you to go

23  back and listen to my ruling on that motion where I made

24  specific findings and bases for that because based on my

25  experience, there's going to be a motion for rehearing and a

1    sympathetic plea, and I want it set forth, the bases for that.

2            It's more than just the fact that it was a last

3    minute request; it was that the motion itself just didn't

4    state facts that would support the need to be in a surgical

5    proceeding today, only later this week.  And secondly, our

6    rules require those be filed two to three weeks ahead of time,

7    and that material prejudice occurred as a result of failure to

8    comply with that.

9            But look at my ruling.  My ruling will be posted on

10   our court website.  I asked Marti to --

11           COURTROOM CLERK:  It usually takes more than one

12   day, though, Judge.

13           THE COURT:  It takes a couple days?

14           COURTROOM CLERK:  Yeah.

15           THE COURT:  Okay.

16           COURTROOM CLERK:  For some reason, the last one I

17   did is still not on.

18           THE COURT:  Yeah, we post audio rulings on the

19   website if it would be of assistance to counsel.  And it's

20   just -- you'll have to figure out how to open it up, but you

21   can do it because I know I've done it.

22           MS. BARUCH:  Okay.  I'm sure we can figure it out.

23           THE COURT:  So that will be my ruling.

24           COURTROOM CLERK:  Judge, do you want to rule on --

25   deny the motion in limine since it's moot or -- I mean, it was

1  filed by Mr. Tancredo but we sill have it on the calendar.

2         THE COURT:  Okay, yes.  And get me a simple order

3  denying the motion in limine.

4         And so attach the transcript to my ruling on the

5  merits.  In fact, do a memorandum opinion which recites that

6  for the reasons -- the Court will enter judgment in favor of

7  the Plaintiff for the reasons set forth in the attached

8  transcript of the ruling from the bench.  And then that

9  will -- and then do a sep -- and in that, say a separate final

10 judgment will be entered denying the Debtor his discharge.

11         And then do a separate final judgment, which will be

12 a simple -- it will be for the reasons set forth in Docket

13 Number whatever, which is the memorandum opinion and the

14 attached transcript, the Court finds that the Debtor's

15 discharge should be denied pursuant to 11 U.S.C. Section

16 727(a)(4).  The creditor may proceed in all respects, and the

17 automatic stay and discharge injunction no longer apply, it

18 may proceed in State Court on appropriate proceedings for

19 collection of its judgment.  Something like that.

20         So you can -- and then you'll have a nice one-page

21 judgment that you can then do a notice of filing in the State

22 Court and then go back there and continue and just get Judge

23 Silver to crank up that case again and you can continue on.

24         Okay, is there anything else we can cover today?

25    (No response.)

1          THE COURT:  Okay, thank you all.

2          MS. BARUCH:  Thank you, Judge.

3          THE COURT:  Court'll be in recess..

4          COURTROOM CLERK:  All rise.

5          MR. SCHIFINO:  Thank you, Your Honor.

6     (Proceedings concluded at 10:36 a.m.)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## CERTIFICATE

     I certify that the foregoing is a correct transcript prepared on an expedited basis to the best of my ability from the logs and digitally recorded audio proceedings of the above-entitled matter.


*Cheryl Culver*
_____          October 4, 2013
Cheryl Culver (CER, CCR)           _____
Transcriber                        Date


     I certify that the foregoing is a federally certified transcript authenticated by:

*Kimberley S. Johnson*
_____
Kimberley S. Johnson (CVR-M)
Certified Verbatim Reporter Master

JOHNSON TRANSCRIPTION SERVICE
7702 Lake Cypress Drive
Odessa, Florida 33556
813-920-1466
kgjjts@aol.com